**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| DALLAS ROACH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 4:23-cv-00484-SEP |
| | ) | |
| AUTOASSURE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER

Before the Court is the parties' Joint Motion for Leave to File Unredacted Settlement Agreement Under Seal Indefinitely. Doc. [16]. For the reasons set forth below, the motion is denied.

#### FACTS AND BACKGROUND

On October 12, 2023, the parties filed a joint motion for leave to file under seal, Doc. [16], asking the Court to seal an unredacted copy of their settlement agreement, Doc. [17]. The parties argue that the settlement agreement, "contains terms and provisions which, if disclosed on the record, would defeat important purposes of the Settlement Agreement." *Id.* at 1.

#### DISCUSSION

The proponent of sealing must file an unsealed motion for sealing that generally describes "the material or information sought to be filed under seal without disclosing the substance of the material sought to be kept confidential"; "the legal grounds for the sealing"; and, if requesting indefinite sealing, "the reasons supporting the request." E.D. Mo. L.R. 13.05(A)(4)(a). The movant also must file under seal a "Memorandum Supporting Sealing" that states "the specific legal and factual reasons justifying the sealing." *Id.* at 13.05(A)(4)(b)(i).

The parties' brief supporting the sealing motion cites *Sandoval v. Serco, Inc.*, 2021 WL 1265197, at *1 (E.D. Mo. Apr. 6, 2021) (Ross, J.), to argue that "[c]ourts in this district frequently permit parties to submit [Fair Labor Standards Act] settlement agreements under seal." But *Sandoval* predates the June 1, 2021, change to Eastern District of Missouri Local Rule 13.05, which emphasized "the right of the public to access material filed with the Court." E.D. Mo. L.R. 13.05(A)(2). *Sandoval* even acknowledged that the rule change was being considered and explained that the "parties must offer a compelling reason to overcome" the "presumption in

favor of openness." *Sandoval*, 2021 WL 1265197, at *1. Considered under the new Local Rule, the parties' motion for sealing suffers from the same defect that the Court identified in *Mason v. D&D Pizza*, 2022 WL 1471343 (E.D. Mo. May 10, 2022) (Limbaugh, J.).

The parties "have not adequately explained why the settlement amount and distribution should be kept confidential." *Mason*, 2022 WL 1471343, at *2. They argue disclosure would "defeat important purposes of the Settlement Agreement, which was to resolve the Parties' disputes and claims in a confidential manner." Doc. [17] at 1-2. But it is "unpersuasive that the parties' contractual decisions outweigh the public's interest in open records—particularly here, where the facts pertain to a dispute about labor/wage practices." *Mason*, 2022 WL 1471343, at *2. The parties' request to seal the settlement agreement indefinitely only increases their burden because they must give reasons for sealing that outweigh the public's interest *forever*. The parties' "bargained-for confidentiality" is not a sufficient reason. Doc. [17] at 2.

The Court decides motions for leave to file under seal "in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978). The parties' reliance on an outdated case and their vague justification does not provide "specific legal and factual reasons justifying the sealing." E.D. Mo. L.R. 13.05(A)(4)(b)(i).

Accordingly,

**IT IS HEREBY ORDERED** that the parties' joint motion for leave to file under seal, Doc. [16], is **DENIED** without prejudice for failure to comply with Eastern District of Missouri Local Rule 13.05.

**IT IS FURTHER ORDERED** that this Order is stayed for fourteen (14) days to allow for appeal of the denial of Doc. [16] or filing of a meritorious motion for leave to file under seal in conformity with Local Rule 13.05. *See* E.D. Mo. L.R. 13.05(A)(4)(g). Barring one of the foregoing, the Clerk is ordered to unseal Doc. [17], effective October 27, 2023.

Dated this 13th day of October, 2023.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE