**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DALLAS ROACH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 4:23-cv-00484-SEP |
| | ) | |
| AUTOASSURE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Before the Court are the parties' Joint Motion for Approval of FLSA Settlement, Doc. [15], and Renewed Joint Motion for Leave to File Unredacted Settlement Agreement Under Seal Indefinitely, Doc. [19]. For the reasons set forth below, the motions are granted.

**FACTS AND BACKGROUND**

Plaintiff Dallas Roach brought this putative collective and class action against his former employer, AutoAssure, LLC, for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-19, and Missouri Minimum Wage Law, Mo. Rev. Stat. §§ 290.500-.530. Plaintiff worked for Defendant as a sales representative selling vehicle service contracts by phone. Doc. [1] at 1-3; Doc. [7] at 3. Plaintiff claims that at times, Defendant and other sales representatives worked more than 40 hours a week, but Defendant failed to pay them the required overtime rate. Doc. [1] at 5. Plaintiff sued in his individual capacity and on behalf of "all other workers similar to Plaintiff who worked in Missouri and who were not paid time and a half for all hours worked above 40 in any workweek during the previous three years." *Id.* at 2. The parties reached a settlement and now move for approval of the settlement and leave to file an unredacted version of the Settlement Agreement under seal.

**DISCUSSION**

**I.     Motion to for Leave to File Un-Redacted Settlement Agreement under Seal**

There is a "common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). When evaluating motions to seal, the "court must first decide if the documents in question are 'judicial records,' and if so, must next consider whether the party seeking to prevent disclosure has overcome the common-law right of access." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (quoting *IDT Corp.*, 709 F.3d at 1222-23). "The

1

presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt*, 885 F.3d at 511 (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)). "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and [the] resultant value of such information to those monitoring the federal courts." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

      The parties provide compelling reasons that warrant sealing. Based on the parties' representations, the Settlement Agreement would not have been achieved if the parties had believed that the terms would become public. Doc. [20] at 2 ("This Settlement Agreement would not have been executed had Parties known the terms would become public, as indicated by the confidentiality provision in the Settlement Agreement."); *see also* Doc. [22] ¶ 20. "The public has an interest in encouraging settlements, which require fewer public resources than litigation." *Long v. Gyrus ACMI, Inc.*, 2021 WL 1985054, at *2 (E.D. Mo. May 18, 2021). In this case, that interest outweighs the public's interest in the redacted information. Most of the Settlement Agreement will be available to the public. Only the settlement amount and distribution are redacted. Doc. [22]. The settlement amount is an important term of the agreement, but the Court's reasons for approving the settlement are found primarily in the Complaint, Doc. [1], Joint Motion for Approval of FLSA Settlement, Doc. [15], and the unredacted terms of the Settlement Agreement, Doc. [22]. The publicly filed version of the Settlement Agreement discloses important terms including the parties mutual discharge of claims, *id.* ¶¶ 3-4, a statement that the settlement is not an admission of wrongdoing, *id.* ¶ 9, and a list of acknowledgements by Plaintiff, *id.* ¶ 24. And the Complaint includes important information about the length of time Plaintiff worked for Defendant and his earnings. Doc. [1] ¶¶ 16-20. Those documents give the public enough information to monitor the Court's work and understand why it approved the Settlement Agreement.

      The parties also request that "the seal be made indefinite" because " the confidentiality of the settlement agreement also extends indefinitely." Doc. [20] at 5. Public disclosure of the settlement terms would "defeat the purpose of the Parties' bargained-for confidentiality provision" and weaken Defendant's bargaining positions for "negotiations in pending and future copycat claims." *Id.* at 6. The Court agrees with the parties' reasoning and orders the Settlement Agreement sealed indefinitely.

## II.     Motion to Approve Settlement[1]

"A district court may only approve a settlement agreement in a case brought under § 216(b) of the FLSA after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties." *Pendergrass v. Bi-State Utils. Co.*, 2019 WL 3532005, at *1 (E.D. Mo. Aug. 2, 2019) (citing *Williams v. BPV Mkt. Place Invs., L.L.C.*, 2014 WL 5017934, at *1 (E.D. Mo. Oct. 7, 2014)). "A settlement is bona fide if it reflects a reasonable compromise over issues actually in dispute, since employees may not waive their entitlement to minimum wage and overtime pay under FLSA." *King v. Raineri Constr., LLC*, 2015 WL 631253, at *2 (E.D. Mo. Feb. 12, 2015) (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 115 (1946). To determine that a settlement is fair and equitable, the Court considers:

> the stage of the litigation and amount of discovery exchanged, the experience of counsel, the probability of plaintiffs' success on the merits, any 'overreaching' by the employer in the settlement negotiations, and whether the settlement was the product of arms length negotiations between represented parties based on the merits of the case.

*Tanner v. Empire Fin., Co. LLC*, 2020 WL 7316115, at *1 (E.D. Mo. Dec. 11, 2020) (quoting *King*, 2015 WL 631253, at *2). "In reaching a determination, courts 'should be mindful of the strong presumption in favor of finding a settlement fair.'" *Id.* (quoting *Crabtree v. Volkert, Inc.*, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013)).

Although the settlement was achieved early in litigation, there is sufficient evidence that it resolves a bona fide dispute. Defendant answered Plaintiff's Complaint and denied any wrongdoing. Doc. [7]. The Settlement Agreement also represents that Defendant "denies the material allegations in the complaint," but the parties have agreed to settle "to avoid the expense, disruption, and uncertainty of continued litigation." Doc. [22] at 1. The settlement is the product of the "respective assessment of the strengths and weaknesses of Plaintiff's claims and Defendant's defenses, the damages allegedly owed by Defendant to Plaintiff, and the risks and

---

[1] "[T]he law is unsettled as to whether the judicial approval of a proposed settlement of FLSA claims is required in the absence of a certified class." *Boland v. Baue Funeral Home Co.*, 2015 WL 7300507, at *1 (E.D. Mo. Nov. 18, 2015) (citing *King v. Raineri Constr., LLC*, 2015 WL 631253, at *1 (E.D. Mo. Feb. 12, 2015). "Courts in this district typically review an FLSA settlement agreement for fairness to ensure the parties are not left in an uncertain position." *Wilson v. Preferred Fam. Healthcare, Inc.*, 2023 WL 3338759, at *2 (E.D. Mo. May 10, 2023) (internal quotation marks omitted) (quoting *Del Toro v. Centene Mgmt. Co.*, 2021 WL 1784368, at *1 (E.D. Mo. May 5, 2021)).

costs of moving forward with this litigation." Doc. [15] at 3. That is enough to establish that the litigation involves a bona fide dispute.

The proposed settlement is also fair and equitable to the parties. Both parties have been represented by experienced counsel of their choice throughout litigation, and there is no evidence of overreaching by Defendant. The terms of the Settlement Agreement "urge[]" Plaintiff "to consider this Agreement carefully." Doc. [22] ¶ 19. Plaintiff "acknowledges that he has been given a sufficient amount of time to decide whether to sign this Agreement," *id.*, and that he has "entered into this Agreement knowingly and voluntarily," *id.* ¶ 24. And the Settlement Agreement is "the product of a collaborative effort of the Parties and their respective counsel." *Id.* ¶ 23. Accordingly, the Court finds the settlement to be fair and equitable.

The Court's review of the Settlement Agreement is limited to the material terms of the proposed settlement as they relate to Plaintiff's FLSA claims. *See Tanner*, 2020 WL 7316115, at *2. The "authority for judicial approval of FLSA settlements in 29 U.S.C. § 216 does not extend to review of settled attorney fees." *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019). "The statute speaks of allowing fees 'in addition to any judgment awarded,' treating the merits of an FLSA claim and the attorney fees as distinct. As a result, any court judgment on the settled merits would necessarily be separate from any court review of the settled attorney fees." *Id.* (citation omitted). The Court's role is limited to ensuring that "the attorney fees were in fact negotiated separately and without regard to the plaintiff's FLSA claim, and there was no conflict of interest between the attorney and his or her client." *Id.* at 1027 n.1. There is no evidence of a conflict of interest, and the parties negotiated the payment amounts to Plaintiff and his attorneys in the Settlement Agreement, which is fair and equitable. The Settlement Agreement clearly defines the amount Plaintiff will receive and the amount his attorneys will receive "for [Plaintiff's] attorneys' fees and costs." Doc. [22] ¶ 5. "No opinion is necessary as to the enforceability of [other] terms and none is given." *King*, 2015 WL 631253, at *4 (alternation in original) (quoting *Carrillo v. Dandan Inc.*, 51 F. Supp. 3d 124, 134 (D.D.C. 2014)).

Accordingly,

**IT IS HEREBY ORDERED** that the Joint Motion for Approval of FLSA Settlement, Doc. [15], is **GRANTED**.

4

**IT IS FURTHER ORDERED** that the Joint Motion for Leave to File Unredacted Settlement Agreement Under Seal Indefinitely, Doc. [19], is **GRANTED**.

**IT IS FINALLY ORDERED** that the parties shall file appropriate dismissal papers in this action no later than **December 27, 2023**.

Dated this 27th day of November, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE